Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
02/07/2017 09:08 AM CST

STATE OF NEBRASKA, APPELLEE, V.
ANTHONY P. DYER, APPELLANT.
___ N.W.2d ___

Filed February 7, 2017.    No. A-16-742.

1. **Sentences: Appeal and Error.** An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court.
2. **Sentences: Probation and Parole.** If a defendant is convicted of a Class IV felony, the court shall impose a sentence of probation unless there are substantial and compelling reasons why the defendant cannot effectively and safely be supervised in the community, including, but not limited to, the criteria in subsections (2) and (3) of Neb. Rev. Stat. § 29-2260 (Supp. 2015).
3. ____: ____. Notwithstanding the language of Neb. Rev. Stat. § 29-2204.02 (Supp. 2015), Neb. Rev. Stat. § 29-2260 (Supp. 2015) still requires that when considering probation versus imprisonment, the trial court must have regard for the nature and circumstances of the crime.
4. **Sentences.** When imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense, and (8) the violence involved in the commission of the crime.
5. ____. The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life.

Appeal from the District Court for Lancaster County: JOHN A. COLBORN, Judge. Affirmed.

Mark E. Rappl for appellant.

Douglas J. Peterson, Attorney General, and George R. Love for appellee.

Moore, Chief Judge, and Riedmann and Bishop, Judges.

Riedmann, Judge.

## INTRODUCTION

Anthony P. Dyer appeals from his plea-based conviction in the Lancaster County District Court of enticement by an electronic communication device. He assigns only that the court imposed an excessive sentence. Finding no merit to his arguments on appeal, we affirm.

## BACKGROUND

On January 28, 2016, the State filed an information charging Dyer with enticement by electronic communication device. He pled no contest to the charge. In exchange for Dyer's agreement to plead to the offense as charged, the State agreed not to pursue any additional charges arising out of the investigation.

According to the factual basis provided by the State at the plea hearing, on November 17 and 18, 2015, Dyer began communicating online and through text messages with an investigator of the Lancaster County sheriff's office, who was acting undercover as a 13-year-old female. During the conversation, Dyer "began to articulate sexual activity" and sent a picture of his genitals to someone he believed to be a 13-year-old female. Dyer arranged a meeting at a specified location, and when he arrived, he was arrested. Dyer was 30 years old at the time. The district court accepted Dyer's plea and found him guilty.

In its sentencing order, the district court found:

[S]ubstantial and compelling reasons, as checked on the attached sheet, exist why [Dyer] cannot effectively and safely be supervised in the community on probation and that imprisonment of [Dyer] is necessary for the protection of the public because the risk is substantial that,

during any period of probation, [Dyer] would engage in additional criminal conduct and because a lesser sentence would depreciate the seriousness of [Dyer's] crime and promote disrespect for the law.

On the form attached to the order, the district court indicated its "substantial and compelling reasons" to withhold probation, which included that a lesser sentence would depreciate the seriousness of the crime, a lesser sentence would promote disrespect for the law, incarceration was necessary to protect the safety and security of the public, and the crime caused or threatened serious injury or harm. The court therefore sentenced Dyer to 2 years' imprisonment and 12 months' postrelease supervision. He received credit for 1 day served. Dyer timely appeals to this court.

## ASSIGNMENT OF ERROR

Dyer assigns that the district court erred in imposing an excessive sentence.

## STANDARD OF REVIEW

[1] An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Custer*, 292 Neb. 88, 871 N.W.2d 243 (2015).

## ANALYSIS

Dyer argues that the sentence imposed by the district court is excessive, because the court failed to articulate substantial and compelling reasons why probation would not be appropriate beyond the nature of the crime itself. We find no abuse of discretion in the sentence imposed.

[2] Enticement by an electronic communication device is a Class IV felony. Neb. Rev. Stat. § 28-833 (Reissue 2016). Class IV felonies are punishable by a maximum of 2 years' imprisonment and 12 months' postrelease supervision, a $10,000 fine, or a combination of both fine and imprisonment, and a minimum of 9 months' postrelease supervision if

imprisonment is imposed. See Neb. Rev. Stat. § 28-105 (Supp. 2015). If a defendant is convicted of a Class IV felony, the court shall impose a sentence of probation unless there are substantial and compelling reasons why the defendant cannot effectively and safely be supervised in the community, including, but not limited to, the criteria in subsections (2) and (3) of Neb. Rev. Stat. § 29-2260 (Supp. 2015). See Neb. Rev. Stat. § 29-2204.02 (Supp. 2015).

Under § 29-2260:

(2) Whenever a court considers sentence for an offender convicted of either a misdemeanor or a felony for which mandatory or mandatory minimum imprisonment is not specifically required, the court may withhold sentence of imprisonment unless, having regard to the nature and circumstances of the crime and the history, character, and condition of the offender, the court finds that imprisonment of the offender is necessary for protection of the public because:

(a) The risk is substantial that during the period of probation the offender will engage in additional criminal conduct;

(b) The offender is in need of correctional treatment that can be provided most effectively by commitment to a correctional facility; or

(c) A lesser sentence will depreciate the seriousness of the offender's crime or promote disrespect for law.

(3) The following grounds, while not controlling the discretion of the court, shall be accorded weight in favor of withholding sentence of imprisonment:

(a) The crime neither caused nor threatened serious harm;

(b) The offender did not contemplate that his or her crime would cause or threaten serious harm;

(c) The offender acted under strong provocation;

(d) Substantial grounds were present tending to excuse or justify the crime, though failing to establish a defense;

(e) The victim of the crime induced or facilitated commission of the crime;

(f) The offender has compensated or will compensate the victim of his or her crime for the damage or injury the victim sustained;

(g) The offender has no history of prior delinquency or criminal activity and has led a law-abiding life for a substantial period of time before the commission of the crime;

(h) The crime was the result of circumstances unlikely to recur;

(i) The character and attitudes of the offender indicate that he or she is unlikely to commit another crime;

(j) The offender is likely to respond affirmatively to probationary treatment; and

(k) Imprisonment of the offender would entail excessive hardship to his or her dependents.

Dyer argues that when § 29-2204.02 and related laws were enacted, the Legislature specifically elected not to reclassify enticement by an electronic device from a Class IV felony, meaning there is a presumption of probation for this offense. Thus, he claims that the intent of the Legislature is defeated if a trial court is allowed to withhold probation based solely on the nature of the offense.

[3] We find no merit to this argument for two reasons. First, notwithstanding the language of § 29-2204.02, § 29-2260 still requires that when considering probation versus imprisonment, the trial court must have regard for the nature and circumstances of the crime. See *State v. Charles*, 13 Neb. App. 305, 691 N.W.2d 567 (2005). Thus, the court must consider not only the elements of the crime, but the specific circumstances of the crime which this particular defendant committed. The evidence indicates the trial court did so in the present case. At sentencing, the district court noted that not only did Dyer engage in sexual communication with someone he believed to be a 13-year-old, but he arranged a meeting and

showed up at the agreed upon time and place with condoms in his possession.

We also reject Dyer's argument because the court in this case did not elect to withhold probation based solely on the nature of the offense. Section 29-2260 permits the trial court to withhold probation if it finds that imprisonment "is necessary for protection of the public" because the risk is substantial that during the period of probation the offender will engage in additional criminal conduct or because a lesser sentence will depreciate the seriousness of the offender's crime or promote disrespect for the law. The trial court found these factors present in the case at hand. The court relied on the evaluations, some of which determined Dyer's risk for reoffending was in the "moderate-high risk category" which the court concluded put him "in the moderate-high category to re-offend." The court also noted the fact that the State agreed not to pursue additional charges as part of the plea agreement reached with Dyer, despite the fact that Dyer not only engaged in online communication but followed through with his plan to meet a 13-year-old in order to engage in sexual activity.

[4,5] An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Custer*, 292 Neb. 88, 871 N.W.2d 243 (2015). When imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense, and (8) the violence involved in the commission of the crime. *Id*. The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id*.

Although Dyer received the maximum sentence allowed for a Class IV felony, it falls within the statutory limits. See *State v. Huff*, 282 Neb. 78, 802 N.W.2d 77 (2011) (sentence at maximum limit is still within that limit). The trial court considered the required factors in fashioning Dyer's sentence and articulated its substantial and compelling reasons for withholding probation. Based on the foregoing, we cannot say that the sentence imposed constitutes an abuse of the district court's discretion. We therefore affirm.

## CONCLUSION

We conclude that the district court did not abuse its discretion with the sentence imposed. The conviction and sentence are therefore affirmed.

Affirmed.